morning your honors and may it please the court my name is Jeremy Baron and I'm here on behalf of Jose Miguel Gutierrez intend to save two minutes for rebuttal and I will watch the clock your honors mr. Gutierrez did not enter a knowing and voluntary guilty plea in this case and he should have the opportunity to withdraw his plea there are a number of problems with the plea colloquy here but I'd like to start by focusing on the inaccurate advice that mr. Gutierrez's attorney gave him about his probation eligibility on count to let me just ask you real quick did the inaccurate advice come just at the plea colloquy or did it come before that it's on the record in the plea colloquy and mr. Gutierrez has alleged in his petition in federal court and in state court but that's what he believed and he never got accurate advice about probation eligibility beforehand but he didn't have the chance I'm just trying to figure out because this is my understanding I want you to correct me from wrong my understanding is that he decided to plead guilty not knowing about this probation eligibility thing showed up at the hearing where he was already prepared to plead guilty and that's when he heard this inaccurate advice so if that's the state of the record I don't understand how could it have been material to his decision if he didn't he wasn't given that inaccurate advice before he showed up and was standing there ready to plead guilty and the first time he heard it was when he was in the process of pleading guilty it seems to me that's not material so that's what I wanted to you to help me with well mr. Gutierrez has never testified about what his attorney told him ahead of time he alleged in the federal petition in this case that when he entered the plea he believed he was eligible for probation on count two and he's alleged in his state court proceedings that he never got accurate advice before the plea colloquy so if the court is concerned about well what did the attorney tell him ahead of time and and what did he think ahead of time then there ought to be a remand so that he can testify on that issue do you that if he learned for the first time at the hearing where he was already prepared to plead guilty right that maybe he would be eligible for probation on this count that that would not call into question whether his plea was knowing involuntary yes because if he didn't know one way or the other then that means he didn't have information about one of the direct consequences of the guilty plea and under Boykin in order to make a constitutionally sound decision to plead guilty well no because I don't think you need to know the range of penalties you need to know the statutory max that's for sure I think that's all the Supreme Court has told us right we have circuit precedent that goes further but in terms of what the Supreme Court has told us it said it has never said you need to be advised as to what the kind of I don't even think it said you need to know necessarily that you know you would be eligible for probation or not you just need to know that the maximum you're looking at is 20 years or something Boykin has language suggesting the full range matters but circuit precedent does matter in this case because we're able to get around Edpus standard of review under section 2254 d2 because the state Supreme Court's decision in this case rested on a fundamental unreasonable determination of the fact when they said that Mr. Gutierrez got consistent advice at the plea colloquy and the belatedly filed written plea agreement when in fact the advice was inconsistent did they say it was consistent that it was consistent or did they just say there was no confusion the the exact phrasing that the that the Supreme Court used is that the district court found that the penalties in the written plea agreement were consistent with the penalties discussed during the arraignment so Gutierrez entered his plea knowingly involuntarily so they're saying that the it was accurate about the penalties and the plea colloquy was also accurate about the penalties that's how I read the Nevada Supreme Court's decision in this case and that's that's an unreasonable determination of the fact because well they're consistent if all that matters is the maximum right I mean it depends what matters when you're looking at whether they're consistent so it's not obvious that that's an inaccurate statement well the the claim before the Nevada Supreme Court was he got bad advice about probation eligibility that makes his claim that makes his plea unknowing and involuntary but they don't say anything about advice I don't think at least in what you just read I don't remember them commenting on whether the advice he's he'd gotten from his counsel was consistent over time or consistent with what happened they don't speak to the advice he got from his counsel do they well that was the main focus of the claim in the briefing before the Nevada Supreme Court was the same error about probation eligibility and the Nevada Supreme Court rejected that and his probation eligibility but that but is there somewhere where they say we think he got accurate advice well they all they say is that the penalties in the plea agreement were consistent with the penalties discussed during the arraignment and when they say penalties presumably they mean they mean probation eligibility too because that was one of the main issues raised on appeal so they don't quite say accurate but I think that's the only way to read their decision and that's an unreasonable determination of the fact yes maybe it is but but it seems to me it relates to an illegally irrelevant point and so if that's true then I don't think we can get around it but deference well the claim was phrased I got bad advice about my probation eligibility that makes my plea violate Boykin and in response to Nevada Supreme Court essentially said we disagree with the factual premise of that claim and since they did since I'm saying I guess I don't think we as a as this three judge panel bound by EDPA as we are I don't think we can say that if you don't know whether you're probation eligible for an offense that renders your guilty plea unknowing and involuntary involuntary I don't think we can say that because the Supreme Court has not gone that far yet right but if the Nevada Supreme Court has made an unreasonable determination of the fact then it goes on to de novo review and in that case the panel would be bound by circuit precedent which has said that Boykin requires information about the direct consequences and that includes the full sentencing range but doesn't the unreasonable determination of the facts need to be relevant I mean if they start the hearing by saying today's Tuesday and it's actually Wednesday we don't get out of the EDPA deference I don't see how the determination of the facts in the Nevada Supreme Court's opinion could be irrelevant because the claim is a Boykin claim and this is the logic that the Nevada Supreme Court is using in refuting the Boykin claim and saying it has no merit is they're saying he got consistent advice throughout the entire proceedings he needed to know which was the maximum exposure that's I guess from a federal constitutional standpoint that seems to me as the law stands now that's the only thing that matters in terms of what the Supreme Court has said well I think that if the Nevada Supreme Court had said the defendant raises a Boykin claim based on inaccurate advice about probation eligibility we don't think Boykin requires accurate advice about probation eligibility so we're going to affirm on that basis that would be one thing but the penalties discussed at the colloquy are consistent with the penalties discussed during the arraignment and when this court is reviewing the state court's decision on the question of deference you need to look at the actual reasoning that the state court used and the reasoning the state court used here relies on a fundamental misreading of the record and in that circumstance if you look at cases like Maxwell versus Roe if there is a fundamental misreading of the record that gets the petitioner around D2 around I'd like to go back to Judge Watford's first question or second question about the record here so is there anything that would have prevented your client from submitting in the state court a declaration that said I was given the wrong advice before this hearing well he alleged that in the petition I know but it's not it's not signed or verified or anything right so that's is that evidence the petition itself if it's not sworn well they raised a claim on this basis in state court the state court set a hearing and I believe that Mr. Gutierrez was prepared to testify on that issue at the hearing but during the here the hearing sort of out of nowhere the state got derailed right yeah I just want to hear about the appeal but then why couldn't he have submitted a declaration at that point I mean I'm just concerned about whether we really could even develop this record in federal court if it could have been developed in state court and I don't totally understand what prohibited it from getting developed in state court I think asking for a hearing is enough he asked for a hearing he was prepared to testify on that issue and the state court unreasonably limited the scope of the hearing and under the it didn't need to be a hearing I mean all he needed to do is submit a declaration right or an affidavit some sort of sworn statement about his understanding from his counsel before the hearing that might have made the record stronger but he did ask for a hearing and I think that's all he was required to do where did he even allege that he got advice before the plea hearing plea colloquy hearing his first petition isn't quite as clear on that point but the second petition he filed in state court he does allege that and that's at EOR 191 and then we have the problems of the whether he was procedurally barred at that point right so does it need to be in the first petition the record might have been better if it was in the first petition but they but the lawyer who was appointed to represent him made the allegation that he received inaccurate advice about the probation eligibility asked for a hearing on that subject was prepared to present before showing up got the inaccurate advice before showing up for the hearing I'm not I'm not sure the first state court petition is totally clear on that point but about the second ER 191 I'm gonna go and look at I don't have it in front of me but I'm gonna go look at that and he's gonna allege there that in the discussions leading up to my decision to plead guilty my lawyer told me that I was gonna be eligible for probation on count two or whatever he alleges his counsel was ineffective when he did not advise me of the proper penalty at arraignment and prior to the plea and so his plea was involuntary as a result so he says prior to the plea in there I see I've been into my rebuttal time if there are no further questions we'll give you a couple minutes thank you thank you let's hear from the state morning your honors may please the court Lawrence van Dyck on behalf of the state defendants I'd like to address three things this morning first I'd like to start with the at the deference argument on this probation eligibility claim and then related to that that probation eligibility claim because I think they really bleed into each other those those are very similar things and then hopefully I can get to his argument on the concurrent senses on the epidephrin issue I I think I think this is a much easier case than it's then it's been presented to the court on epidephrin by my count mr. Gutierrez in the Nevada Supreme Court characterized the mr. Gutierrez's trials counsel statement about probation eligibility as quote correct or quote accurate if you add those together in his two briefs I think he says that 16 times and as you just saw this morning the Nevada Supreme Court actually never said that and the reason the Nevada court never said that is because as mr. Gutierrez counsel mentioned this morning this claim just like it's been well presented to this court was well presented to the Nevada courts Nevada courts were very aware that mr. Gutierrez's counsel had made that incorrect statement at the plea colloquy so it's not like they didn't realize that he'd made an incorrect statement and that's why what they actually said was the penalties in the written plea memorandum were consistent with the penalties discussed during the arraignment not accurate not correct not even the word same the word was consistent and that's important because Nevada courts had said accurate or if they had said correct then I'm not sure they would be do epidephrin what you're finally here what do you think the word consistent means there I think what the word consistent I'm about to show that what if the word consistent even means the same range in other words the Ninth Circuit's standard in little if it means that than the Nevada Supreme Court was correct because actually what mr. Gutierrez was told throughout all at the plea colloquy in the plea memorandum and at the sentencing what he was told that all those was in fact consistent if you interpret consistent to be consistent with this courts own what do you mean what do you difference I think that's what they meant and that's something like I think what they meant was it's something like the Seventh Circuit's like the Second Circuit standard of a harmless error and let me explain to you why I think that means that I think one of the misunderstandings mr. Gutierrez has made to this court is that somehow this plea eligibility statement on count on count two or probation eligibility statement would have made a difference in his he actually has inconsistent arguments if you think about on one hand he's saying actually they're totally consistent and I'll lay it out for you because I could see how this would be relevant he knows he's not getting probation because he's got what is a 10-year mandatory your maximum minimum so he's going to prison for 10 years what he wants to be assured of is that I'm not gonna get extra time tacked on top of that yep and so there's two things that are relevant one tell me I'm probation eligible which means maybe the judge will take mercy on me and not give me any more time or and to promise he was promised he says that he was gonna get concurrent sentences so to me those are totally consistent with one another and it makes sense that he was already concerned that man this seems like a lot of time for this little penny any K dread thing I think you're right your honor except for the fact that used and and you should have used or because in fact in the way you just characterized because if if he had actually reason they're inconsistent is because if he had actually been gotten if he had been told that I'm going to get concurrent sentences period then as mr. Gutierrez acknowledges on page 12 or 13 of his reply brief then count two would become a knowledge practically speaking he wouldn't have been worried about if he really thought he was going to get concurrent census then who cares about whether or not he would have gotten probation eligibility because whether the probation eligible or not count to essentially disappears and so I get double protection from any well you can do is you could I that would have to be his argument which I would I would say certainly the Supreme Court has not spoken I am NOT doing a day's extra time because number one the judge might give me probation and if he does give me any time it's going to be run reduces to is I want the judge to have two options to reach this result because the truth is the I mean it's really important for the court to understand because of the fact that he knew that he could get concurrent sentences here the probation eligibility on count to doesn't matter at all because the maximum minimum that the court could have given him if he wasn't probation if it's not probation eligible under the real world would have been ten years minimum maximum as your honor said but if the maximum amount if you've been probate or the minimum maximum he could have gotten if he was probation eligible was exactly the same 10 years because all the judge would have to do is sentence him concurrently so the minimum of his range on his plea deal is exactly the same under each of these and the maximum is 40 years it's exactly the same because if the judge sentences him consecutively then he's looking at 40 years and the maximum maximum minimum which is 10 years on count 1 and 6 years on count 2 which is actually what he got because the judge threw the book at him is exactly the same because the judge had the discretion so so you're saying because they could be concurrent the minimum is actually the same either way I'm saying your honors is that if you look at this if even under the Ninth Circuit's precedent and under the Seventh Circuit's and the Ninth Circuit's range of possible sentences under little under under the Nevada Supreme Court's consistent again not the same not the accurate not correct just saying you know what he was told was consistent because the range the judge had was exactly the same the judge could have given him 10 years he could have given him 40 years he could have given him 16 mandatory minimum he had all exactly the same options it did not make a bit of difference the only difference it makes judge Wofford is what you said and that is it gives the judge two ways to be able to get to the same result instead of one way I can't imagine that EPA requires that there's there's no there's no US Supreme Court thing that says well you know one of the things you got to know is the direct consequence of your plea deal is whether or not the judge can have another way of getting to the same result in other words it makes no difference maybe address the concurrent sentences promised that the alleged promise because that I guess I because it's because very important once you understand what I just said yes the Nevada Supreme Court didn't seem to address that at all or what am I missing because I that I don't understand how you think we can affirm on that claim he without an evidentiary hearing he says my lawyer promised me that I was going to get concurrent sentences that it seems to me is highly relevant to the decision to plead guilty or not so what did this court what the district court I think there's two things I think there's what you'd call indirect evidence and I think there's direct evidence that goes against what the district court characterized accurately I think as mr. Gutierrez is bare contention that he was promised consecutive concurrent sentences and and so I'll start with the indirect evidence the indirect evidence is the sentencing hearing and I acknowledge that the sentencing hearing is only relevant in the sense of what it can tell us what we think happened back during the plea colloquy during the plea deal and if you look at the sentencing hearing what you've got is you've got almost the entirety of the transcript of the sentencing hearing is mr. Gutierrez is counsel saying your honor we really ask that you give consecutive sentencing here we know the sentencing recommendation says concurrent but we're really asking for concurrent I'm sorry I can say in mood in these cases I never could get it right but I know that you guys have okay so we know his his counsel is asking for concurrent sentencing and and but he's answering the sentencing recommendation is consecutive meanwhile the prosecution gets up says go with the sentencing recommendation give us consecutive sentencing this whole thing goes on meanwhile and mr. Gutierrez is sitting there the entire time we know that meanwhile mr. Gutierrez just before this has been read the sentencing recommendation in the sensing in the pre-sentencing report that says specifically that he should get consecutive sentencing so mr. Gutierrez if you look in the record what he does is he jumps up and he says your honor this is the first I've heard about consecutive sentencing what is all this talk about consecutive sentencing right that's why they know they don't they don't argue that because it's not there instead the judge says mr. Gutierrez it's your turn I want to hear from you what is mr. Gutierrez says what he says is I'm in your hands that's it it's all up to you now not a word about not having a her this but that's the indirect evidence but I want to get to the direct evidence because I think it's even there's more even more and wait there's more during the same sensing hearing mr. Gutierrez counsel is talking to judge he's saying listen back when we were this is on excerpts of record 89 through 90 he's saying judge back when we were entering into this when we were in the midst of plea negotiations he uses the word plea negotiations he's basically tells the judge we were really hoping for concurrent sensing we want you to give us consecutive sensing because we were really hoping for consecutive sentencing and then almost as if he knows the judge is going to jump on him and interrupt him and say wait a minute I never promised you consecutive sensing he specifically says the judge right after selling him this is what we were doing back when we were negotiating give me the page again it's excerpts of record 89 through 90 okay because I'm that on that page in my bottom of the page 89 if I remember correct is mr. Naka talking you know what maybe I'm in the wrong yeah I have mr. Naka yeah okay so what page are you looking excerpts a record 89 okay and what what's going on on page 89 of your thing yeah mr. Naka they misspelled his name but it's it's the same it's his trial counsel and he says very very bottom paragraph starting on line 23 says I would ask you he's talking to the judge he says I would ask you to follow the original intent of the negotiation he's talking about it of a 2 to 15 he's talking about count to as outlined when we took the plea and as outlined in the plague agreement which of course and then he can any it's almost like he interrupts himself and he says now wait a minute I know you're gonna jump on me and tell me that wait a minute you I never promised you can concurrent sentences so he says which of course I've explained to mr. Gutierrez it's entirely up to you is how you're going to sense him but I would ask that you that that on count to you sentenced him to 2 to 15 and run that concurrent to count one not consecutive so right here in the record we have mr. Gutierrez's counsel in addition to the indirect evidence we have what I think is direct evidence and we have an evidentiary conflict between what his lawyer is representing to the court and what mr. Gutierrez is saying he was actually told right but I and I think it here's the deal the nevada courts looked at this and under epa I think you need to defer to their factual conclusions unless no court could reasonably conclude that the finding was supported by the record so under epa I think that I think that his claims fail because as I think that the district court was correct that his bare assertion cannot overcome either the I don't think it could even overcome the indirect evidence but when you add this language in the record of his own counsel saying listen I told him that it's up to you judge and then you add his own language is up to you judge I just think the Nevada under epa maybe if this court was to decide it on their own but under epa I think you have to defer to the nevada courts conclusion because I don't think it's true that no court could reason to conclude that finding was where did the nevada court make that conclusion I don't think was it the supreme court or was it the trial court well then the supreme court upheld the trial court I don't recall honesty standing here whether or not the nevada court made an explicit conclusion on the concurrent sentences claim if they didn't then I think this then I think this court all the more so well I thought the concurrent sentences problem was that it was in the second petition which they then said was untimely and also said this kind of weird thing about how it was already decided which I'm not quite sure what that meant well you're right I mean if they decided it then I think this court if they decided it but they don't have a rationale then I think under this courts epa under epa then this court would all the more so defer to it if it's supported by any reason reasonable saying which I just gave you one and if it if if it's not decided if he waived it in district court then I'm not sure he can raise it here but I think I think the devastating court said it was they think if they said it was decided but they didn't give a reason then then you would just defer to their reason as long as it's can be supported by a reason if it can be supported and I just gave you a reason why it can be supported so I guess I do have one question about this issue of the fact that he's alleged that he got bad advice but never had a sworn declaration do you have any case you can point us to that tells us whether that matters like did he do enough in state court to put this issue before the court I guess I so I thought you're asking something else I was I was gonna I do I did want to respond maybe this is answers you but maybe maybe it doesn't so let me know if it in the in the hearing judge Wofford had asked about you know did he come in what's the evidence did he come into the plea and did he and did he had he is there any evidence that he hadn't been told this before and there is that one statement of course that statement too is a bare contention that's an odd and somewhat at odds with the record because if you actually look at the plea colloquy he actually pleads guilty he actually says he's going to plead guilty long before the statement is ever made by his counsel if that and so I don't know if that's response I mean it was but at least in the second state habeas petition he says the thing about not I'm not going to remember the exact words but having not having been told before the plea of what his range was so he has that in the petition I'm just not sure what we should do with that whether that complied with state law in terms of getting that issue to have enough evidence or whether he needed to have a declaration or what we do can you have a declaration now that he didn't do then I'm not sure what we do with the state of the evidence because the Nevada court said that that second say said this they rejected the second one the second petition as as untimely and so if what you're asking is well they rejected it as untimely but and they didn't is there enough evidence in an untimely petition and it's and I don't know I don't know the answer that you're on right I'm not sure that anybody's ever dressed that because if it's untimely and therefore rejected by the state courts it would be odd to rely on it as as somehow somehow establishing evidence because the courts never got to it never got sort of be sorted out in the state court system as evidence because they found a procedural way to kind of get away from it that I'm not aware the short answer is I'm not aware of any authority on that thank you okay thank you counsel for your argument we'll give you two minutes for rebuttal thank you we spoke a lot this morning about the probation eligibility issue and a little bit about the concurrent consecutive issue but I want to emphasize there are a lot of problems with this plea colloquy it starts off there's confusion about which information is governing there's confusion about which the counts and the information correspond to which alleged sales there's confusion about the prison ranges on count to not just probation but the actual prison ranges there's no discussion of concurrent or consecutive sentencing at the colloquy nor in the guilty plea agreement there's no written guilty plea agreement filed at the time of the plea colloquy there's no explicit discussion of the elements and then midway into the plea colloquy mr. Gutierrez makes this comment about I can't believe I'm facing so much time for this crime and defense counsel goes into this long discussion of how mr. Gutierrez isn't really comfortable with the deal but it's a good deal so maybe the court maybe the court ought to pass the case to give him and I'm quoting here more time to fully comprehend the situation but if the court passes the case that means the DA is going to pull the deal and it's gonna be bad for mr. Gutierrez so if the court accepts the deal today that might create a written issue down the line but the court should do that and the court agrees and sets the case down for sentencing so this is a problematic plea colloquy there's no affirmative showing in this plea colloquy that the plea was knowing involuntary when it was entered and as a result mr. Gutierrez should have the chance to withdraw the plea or at the very least testify in federal court on some of the issues we've discussed today may I ask a question so this the claim that Gutierrez believed that he was going to receive concurrent sentences was that claim developed during the state habeas proceeding I'm not sure if that specific allegation was in the first petition I would have to go back and check that it certainly was in the second petition and the Nevada court said the content of the second petition was already decided in the first round so they essentially applied a law of the case ruling but they said it was untimely so yeah so do we do we have a procedural default inadequate and independent state ground for rejecting the concurrent consecutive issue I would have to double check I thought that one of the things that the state court said with the second petition was that all the substance was identical to the claims that were raised before there may have been a time they said it was untimely and already decided so we have two and so if one of those is adequate and independent it well if the if the state post-conviction council didn't raise the concurrent consecutive I'd have to double check to make sure but if post-conviction council didn't raise that claim there would be a potential Martinez issue there and we think that would warrant further that hasn't been raised yet has it well I don't think there's been any argument that the concurrent consecutive issue wasn't fairly presented to the state court so I'm I'm not sure that the briefing has been responsive to that issue so no further questions all right thank you counsel case just argued will be submitted
judges: Watford, Friedland, Feinerman